# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JEFFERY TYRONE EDMONDSON JR.**                          **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 3:18-CV-P260-JHM**

**MARK MEREDITH**                          **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Jeffery Tyrone Edmondson Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff is an inmate at the Hardin County Detention Center. He brings suit pursuant to 42 U.S.C. § 1983 against Mark Meredith, Director of Dismas Charities, Inc. St. Ann (Dismas).

Plaintiff claims that on March 2, 2018, he entered Dismas in Louisville, Kentucky, and that on March 27, 2018, he was terminated from the program "due to some residents saying I violated Cardinal Rules. The violation was that I acted out in violence towards another resident."[1] Plaintiff alleges that he "was a target since the first day I got there" and that the following constitutional rights were violated while at Dismas: "freedom of speech, my rights as a black man to be treated as a equal. My right to voice my opinion on issues that were going on

---

[1] A Commonwealth of Kentucky Division of Probation and Parole "Violation of Supervision Report" (Report) attached to the complaint indicates that Plaintiff originally received a five-year sentence in Hardin Circuit Court on the charge of wanton endangerment-1st degree (17-CR-00028), with supervision beginning July 11, 2017, and to end on July 11, 2022. The Report further indicates that "On 03/02/2018 [Plaintiff] was referred to St. Ann's halfway house to complete SAP (Substance Abuse Program). On 03/27/2018 [Plaintiff] was terminated from the program due to Cardinal Rules violations and was taken to Louisville Metro Department of Corrections" (DN 1, p. 9). In the Report, the probation and parole officer requested "that a warrant be issued for [Plaintiff] to assist in his return to Hardin County to appear in Court to proceed with a Revocation of his Probation." *Id.*

in the community." He asserts, "I was forced to lie on other residents, just so I wouldn't get in trouble. I was lied on by the residents plus the Director, upon a situation that didn't occure." He continues, "I was terminated from this program without a proper investigation. So my freedom was taken away on a here say of residents that has a problem with me." Plaintiff claims:

> All of this occured after I went to my counselor Mr. Michael Edwards a week or so prier to the accusuation of my actions that was said I did. I also talked to counselor Mr. Bush . . . a long with Assistant Director Mr. David Meek. I begged them all to do something about it, but it never got done, the situation got worse, which led to me being back incarcarated for no reason. . . . I am wrongfully incarcarated due to the fact of lies."

Plaintiff contends that the "Director is racist, most of all the residents is racist as well. They targetted all the blacks and the ones who was hanging out with us."

As relief, Plaintiff seeks compensatory and punitive damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Defendant Meredith

Plaintiff does not specify in which capacity he is bringing this action against Defendant Meredith. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 166 (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

3

The Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on Defendant Meredith, and none of Plaintiff's other filings pertain to that issue. Because official-capacity suits are against "'an entity of which an officer is an agent,'" *Graham*, 473 U.S. at 165 (quoting *Monell*, 436 U.S. at 690 n.55), the official-capacity claims against Defendant Meredith are construed as claims against Dismas.

There are two elements necessary to make out a claim under § 1983: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), *abrogated on other grounds by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545 (6th Cir. 2014) (citation omitted). For the purposes of initial review, the Court will presume that Dismas is a state actor. *See Ford v. Dismas Charities, Inc.*, No. 3:96CV-471-S, 1999 WL 33534222, at *3 (W.D. Ky. Sept. 29, 1999) (deciding that Dismas could be sued under § 1983 because its actions with regard to the plaintiff were in relation to his court-ordered confinement).

The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private entity like Dismas. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (citation omitted). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a

4

municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Plaintiff makes no allegation that the constitutional deprivations resulted from a policy or custom of Dismas. Accordingly, the official-capacity claims against Defendant Meredith will be dismissed for failure to state a claim upon which relief may be granted.

### B. *Heck v. Humphrey*

In addition, regardless of the capacity in which Plaintiff sues Defendant Meredith, Plaintiff claims are barred under the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). "*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *see also Lucas v. Prob. & Parole*, No. 3:08CV-P301-S, 2010 WL 694209, at *3 (W.D. Ky. Feb. 23, 2010) (finding that plaintiff's action was barred by *Heck* because if the court were to find that defendants "violated [p]laintiff's due process rights by making false allegations in the probation violator[']s warrant and revocation hearing, such an action would necessarily demonstrate the invalidity of [p]laintiff's revocation and his current confinement").

In the present case, a finding that Defendant Meredith violated Plaintiff's constitutional rights based on lies and bias resulted in his termination from the SAP and ultimate probation revocation would necessarily imply the invalidity of his continued confinement. Plaintiff has not shown that his probation revocation has been overturned. Therefore, all of Plaintiff's claims involving his probation revocation brought pursuant to § 1983 are barred by the *Heck* doctrine and will be dismissed.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: November 30, 2018

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4414.005